Peter M. de Jonge, UT 7185
Jed H. Hansen, UT 10679
Eric E. Westerberg, UT 12712
**THORPE, NORTH & WESTERN, LLP**
8180 South 700 East, Suite 350
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff*
ZAGG Intellectual Property Holding Co., Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| ZAGG Intellectual Property Holding Co., Inc., a Nevada corporation,<br><br>Plaintiff<br>v.<br><br>Superior Communications, Inc., a California corporation,<br><br>Defendant. | Case No.: 2:14-cv-00121-TS<br><br>**COMPLAINT<br>WITH JURY DEMAND**<br><br>Judge Ted Stewart |

Plaintiff ZAGG Intellectual Property Holding Co., Inc. (hereinafter "Plaintiff" or "ZAGG IP") by and through its counsel hereby files this Complaint with Jury Demand against Defendant Superior Communications, Inc. ("SUPERIOR" or "Defendant").

**COMPLAINT**

ZAGG IP complains and alleges as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. ZAGG Intellectual Property Holding Co., Inc. ("ZAGG IP") is a Nevada corporation having a principal place of business in Salt Lake City, Utah.

2. Upon information and belief, Superior Communications, Inc. ("SUPERIOR") is a California corporation with its principal place of business at 5027 Irwindale Ave., Suite 900, Irwindale, California 91706.

3. ZAGG IP brings this action under U.S. patent laws, 35 U.S.C. §§ 1 *et seq*., and under various other Utah statutory and common law provisions.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over any state law statutory and common law claims pursuant to 28 U.S.C. § 1367.

6. Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Utah and has sold the product at issue in this case into the state of Utah. Particularly, the Defendant introduced infringing products into the stream of commerce that are sold into the state of Utah and derives revenue from the sales of said products.

7. Upon information and belief, this Court has general personal jurisdiction over Defendant since its contacts with Utah are substantial, continuous, and systematic and this action is based upon activities that arise out of or are related to those contacts.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business directly related to the patent at issue in this case, thereby harming ZAGG IP in this judicial district.

## GENERAL ALLEGATIONS

### ZAGG IP'S PRODUCTS AND INTELLECTUAL PROPERTY

9. ZAGG IP is a subsidiary of ZAGG Inc, a Nevada corporation. ZAGG Inc is in the business of inventing, developing, manufacturing, distributing, and selling various products

used in the electronics accessories market.  One of its accessory products is designed to be placed over the display of an electronic device.

10. On October 29, 2013, United States Patent No. 8,567,596 (the "'596 Patent") issued for an "Electronic Device Protective Film Application Kit and Method."  A true and correct copy of the '596 Patent is attached hereto as Exhibit A.

11. ZAGG IP is the assignee of all right, title, and interest in and to the '596 Patent, including the right to prosecute this action and recover past, present, and future damages for the infringements alleged herein.

## DEFENDANT'S MISCONDUCT

12. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States kits for protecting a surface of an electronic device that infringe at least claim 1 of the '596 Patent (the "Infringing Products").  A true and correct photograph of one of the Infringing Products is attached hereto as Exhibit B.

13. Defendant is in direct competition with ZAGG Inc in the market for kits for protecting electronic surface devices and manufactures, or has manufactured, the Infringing Products for promotion and sale into the United States.

14. Upon information and belief, Defendant manufactures and/or distributes the Infringing Products throughout the United States and particularly in the state of Utah.

15. Upon information and belief, the Infringing Product infringes at least claim 1 of the '596 Patent.

16. Upon information and belief, Defendant's continued manufacture, use, sale, importing, and/or offering for sale and distribution of the Infringing Products has injured, is injuring, and will continue to cause irreparable injury to ZAGG IP.

17. Additionally, upon information and belief, Defendant acted in an objectively reckless manner with respect to ZAGG IP's patent rights. Upon information and belief, Defendant made, used, sold, offered for sale, and/or imported into the United States the Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent. As a consequence, Defendant has engaged in willful infringement of the '596 Patent and ZAGG IP is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

18. ZAGG IP has been and continues to be significantly damaged by Defendant's actions. So long as Defendant continues performing the unlawful and improper actions described in this Complaint, ZAGG IP will continue to suffer irreparable harm that will not be fully compensable by money damages.

## FIRST CAUSE OF ACTION
### (PATENT INFRINGEMENT OF THE '596 PATENT UNDER 35 U.S.C. § 271)

19. ZAGG IP hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

20. ZAGG IP owns all right, title, and interest in and to the '596 Patent.

21. Defendant makes, uses, sells, offers for sale, and/or imports into the United States Infringing Products that infringe at least claim 1 of the '596 Patent, literally, as well as under the doctrine of equivalents.

22. At no time has ZAGG IP granted Defendant permission, license, or authorization to market or sell the Infringing Products.

23. Upon information and belief, Defendant's infringing activities have damaged ZAGG IP in an amount to be proven at trial. Among other remedies, ZAGG IP is entitled to its lost profits and/or a reasonable royalty to adequately compensate ZAGG IP for Defendant's

infringing activities under 35 U.S.C. §284.  Additionally, the harm to ZAGG IP arising from these acts by Defendant is not fully compensable by money damages.  ZAGG IP has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

24. Upon information and belief, Defendant acted in an objectively reckless manner with respect to ZAGG IP's patent rights.  Upon information and belief, Defendant made, used, sold, and/or offered for sale the Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '596 Patent and ZAGG IP is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION, UTAH CODE ANN. §13-5A-102, 103 AND/OR §13-5-14 AND UTAH COMMON LAW)

25. ZAGG IP hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

26. ZAGG IP is the owner, by assignment, of the '596 Patent.

27. Defendant has engaged in unfair methods of competition by infringing the '596 Patent either directly, indirectly, or under the doctrine of equivalents.

28. Defendant intentionally makes, uses, sells, offers for sale, and/or imports into the United States a product that infringes at least claim 1 of the '596 Patent.

29. Upon information and belief, Defendant's infringing acts are unlawful and unfair.

30. Upon information and belief, ZAGG IP has been injured by Defendant's infringing acts.

31. By engaging in the above-described activities, Defendant has engaged in unfair competition under Utah Code Ann. §13-5a-102, 103 and/or 13-5-14 and under Utah common law.

32. ZAGG IP has suffered actual damages as a result of unfair business practices by Defendant in an amount to be proven at trial. Additionally, the harm to ZAGG IP arising from these acts by Defendant is not fully compensable by money damages. ZAGG IP has suffered, and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Defendant is preliminarily and permanently enjoined. Furthermore, ZAGG IP is entitled to its attorneys' fees and costs.

### THIRD CAUSE OF ACTION
#### (UNJUST ENRICHMENT UNDER UTAH COMMON LAW)

33. ZAGG IP hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

34. Defendant has benefited from the improper, unfair, and unauthorized use of the '596 Patent as alleged herein.

35. Defendant knew, or should have known, that its actions were improper and fully appreciated the benefits received as a result of their improper actions.

36. Defendant would be unjustly enriched if it was permitted to retain the benefits obtained from such actions.

37. Equity and good conscience require that Defendant be required to account for and pay to ZAGG IP an amount equal to value of the benefits conferred upon it.

### PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiff as follows:

  A. That the Court enter judgment that Defendant has infringed the '596 Patent either literally or under the doctrine of equivalents.

  B. That the Court enter judgment that Defendant has competed unfairly pursuant to Utah Code. Ann. § 13-5a-102 and §13-5-14 and Utah common law.

  C. That the Court enter judgment that Defendant has been unjustly enriched through its misconduct.

  D. That Defendant be ordered to pay damages to ZAGG IP, together with interest, in an amount to be determined by this Court.

  E. That the Court award ZAGG IP treble damages pursuant to 35 U.S.C. §284.

  F. That the Court award ZAGG IP punitive damages.

  G. That the Court award ZAGG IP costs and attorneys' fees related to this action.

  H. That the Court award ZAGG IP prejudgment interest.

  I. That the Court grant preliminary and permanent injunctive relief enjoining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing the '596 Patent, including with limitation, precluding Defendant from making, using, selling, offering for sale, or importing the Infringing Products.

  J. That ZAGG IP have such other and further relief as shall seem just and proper to the Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ZAGG IP hereby demands a trial by jury on all issues and claims so triable.

DATED: February 19, 2014							THORPE NORTH & WESTERN, LLP


							*/Jed H. Hansen/*
							Peter M. de Jonge
							Jed H. Hansen
							Eric E. Westerberg

							Attorneys for ZAGG Intellectual Property Holdings, Inc.