IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZAGG INTELLECTUAL PROPERTY HOLDING CO., INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COMMUNICATIONS, INC., a California corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ISSUING A STAY AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT<br><br><br>Case No. 2:14-CV-121 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff ZAGG Intellectual Property Holding Co., Inc.'s Second Motion for Extension of Time to Serve Complaint.[1] For the reasons discussed more fully below, the Court will stay the action and deny Plaintiff's Motion as moot.

I. BACKGROUND

On February 19, 2014, Plaintiff filed its Complaint alleging patent-infringement, unfair-competition, and unjust-enrichment claims against Defendant Superior Communications, Inc. ("Superior"). Plaintiff's claims stem from Defendant's alleged conduct relating to Plaintiff's patent, U.S. Patent No. 8,567,596 (the "'596 Patent"). On June 18, 2014, Plaintiff moved for a 60-day extension of the deadline for service of process, to allow the parties additional time to resolve the dispute through settlement discussions. The Court granted the Motion.

On or about August 8, 2014, a third party, Tech 21, UK Ltd. ("Tech 21"), petitioned the U.S. Patent and Trademark Office ("PTO") for an *inter partes* reexamination of Claims 1–18 of

---

[1] Docket No. 6.

the '596 Patent. In response to such a petition, the Director of the PTO must determine whether to institute a reexamination within three months.[2] Moreover, as of the first quarter of fiscal year 2014, the average length of time from filing to the issuance of an *inter partes* certificate is 34.43 months.[3]

Plaintiff now moves for a second extension of the deadline to serve its Complaint. Plaintiff seeks an extension to February 15, 2015, to allow the Director of the PTO to decide whether to institute a reexamination.

## II. DISCUSSION

The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[4] This Court has the inherent power to manage its docket and stay proceedings.[5] To determine whether to stay litigation while proceedings are pending reexamination by the PTO, courts consider a number of factors, including: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (3) whether a stay will simplify the issues."[6]

The factors all weigh in favor of issuing a stay in this case until Tech 21's *inter partes* petition is resolved. Discovery has not yet begun and a trial date has not been set. A stay would

---

[2] 35 U.S.C. § 314(a)–(b) (2012).

[3] *Reexamination Information*, U.S. Patent & Trademark Office, http://www.uspto.gov/patents/stats/Reexamination_Information.jsp (last updated Apr. 3, 2014).

[4] *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[5] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

[6] *Quest Software, Inc. v. Centrify Corp.*, No. 2:10-CV-859 TS, 2011 WL 1085789, at *4 (D. Utah Mar. 21, 2011).

not unduly prejudice Defendant or provide an advantage to Plaintiff—the Complaint has not been served, so a stay would simply maintain the status quo of the case. Finally, staying the proceedings until the *inter partes* petition has been resolved may simplify issues in this suit because the reexamination proceedings involve validity of the '596 Patent, which is central to Plaintiff's claims.

Based on the foregoing, the Court finds that a stay of this case pending resolution of Tech 21's *inter partes* reexamination petition is in the interest of justice. Consequently, the Court will deny as moot Plaintiff's Second Motion for Extension of Time to Serve Complaint.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Second Motion for Extension of Time to Serve Complaint is DENIED AS MOOT. It is further

ORDERED that this case is STAYED pending resolution of Tech 21's *inter partes* petition.

The Clerk of Court is directed to administratively close this case. The case may be reopened upon motion by either party. If the case is reopened, the Court will reset deadlines for service of process, under Federal Rule of Civil Procedure 4(m).

DATED this 26th day of August, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge